**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4122**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RYAN CRAIG BROWN,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00184-RBH-1)

Submitted:  August 26, 2009      Decided:  September 3, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Rose Mary Sheppard
Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Craig Brown pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (2006) ("Count One"); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) ("Count Two"); and robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (2006) ("Count Three"). In exchange for the Government's agreement to dismiss the additional counts for which Brown was indicted, Brown agreed to a 300-month sentence in his plea agreement and the district court imposed this sentence on Brown. Brown's counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that he found no meritorious grounds for appeal, but nonetheless suggesting that the court review: (i) whether the district court complied with Fed. R. Crim. P. 11 when it accepted Brown's guilty plea; and (ii) whether Brown's negotiated and agreed upon twenty-five year sentence is reasonable. Brown filed a pro se supplemental brief in which he raises additional assignments of error, and the Government declined to file a responsive brief.[1] Finding no error, we affirm.

---

[1] Brown waived his right to appeal his conviction and sentence in his plea agreement. Because the Government failed to assert the waiver as a bar to the appeal, however, we may
(Continued)

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. The record reveals that the district court fully complied with the Fed. R. Crim. P. 11 requirements during the plea colloquy, ensuring that Brown's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Brown also attested during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises to him outside those made by the Government in his plea agreement. Because no error was committed during the Rule 11 hearing, and since Brown's plea was knowing, voluntary, and supported by a sufficient factual basis, we affirm Brown's convictions.

We also affirm Brown's sentence. After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error.

---

undertake an Anders review. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

3

United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62. While the court presumes that a sentence within a properly calculated Guidelines range is reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), it may not presume that a sentence outside the Guidelines range is unreasonable. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009).

Our review of the plea agreement, Brown's presentence investigation report, and the sentencing hearing transcript confirms that Brown's sentence was both procedurally and substantively reasonable. Even though the sentence was above Brown's Guidelines range, it was reasonable in light of Brown's Rule 11 plea agreement in which Brown agreed to the upward departure. Moreover, because the sentence to which he agreed was substantially less than the sentence he faced had he been convicted of all of the crimes for which he was indicted, Brown

4

received the benefit of his bargain when the Government dismissed the remaining counts.

Having reviewed the record in this case and finding no meritorious issues for review,[2] we affirm the district court's judgment. This court requires that counsel inform Brown in writing of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] We have reviewed the assignments of error raised in Brown's pro se supplemental brief and find them to be meritless.